UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) | CASE NO. 5:15 cv 456 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION |
| JOHN S. BARBOUR, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendants to transfer venue to the United States District Court for the Middle District of Florida. (Doc. No. 7 ["Mot."].) Plaintiff opposes the motion. (Doc. No. 8 ["Opp'n"].) At the telephonic case management conference, the Court requested additional briefing on the motion, and the parties filed supplemental briefs. (Doc. No. 15 ["Def. Suppl."]; Doc. No. 17 ["Pl. Suppl."].) The matter is now fully briefed and ripe for resolution.

## I. BACKGROUND

Plaintiff Nationwide Mutual Fire Insurance Company ("plaintiff" or "Nationwide") is a "corporation licensed to sell insurance, including homeowners insurance, in the State of Ohio." (Doc. No. 1-1 ["Compl."] ¶ 2.) Nationwide's principle place of business is located in Columbus, Ohio. (Doc. No. 1 ["Not."] ¶ 2.) Defendants, John S. Barbour ("John"), Olympia T. Barbour ("Olympia"), and John Barbour, Jr. ("John Jr."), are residents of the State of Florida. (*Id.* ¶ 3.) John Jr. is the grown son of John and Olympia.

Nationwide issued a homeowners insurance policy ("the policy"), effective February 20, 2013 to February 20, 2014, to John and Olympia, for property located in Akron, Ohio. (Compl. ¶¶ 3-4.) On June 18, 2013, John and Olympia notified Nationwide of a claim under the policy for alleged theft and personal property damage. (*Id*. ¶ 5.) It is Nationwide's position that John and Olympia are not entitled to recover on their claim because, at all relevant times, they did not qualify as "insureds," as they were not residents of the State of Ohio at the time of the alleged damage to the Akron, Ohio property. (*Id*. ¶¶ 20-21.) Nationwide also contends that the claim is untimely because the alleged theft or loss to the property occurred "after the dwelling had been vacant for more than 30 consecutive days immediately before the alleged loss." (*Id*. ¶ 22.)

On February 18, 2015, Nationwide filed a declaratory judgment action against defendants in the Summit County Court of Common Pleas. In its complaint, Nationwide seeks a declaration that it owes defendants no duty to provide coverage under the policy for the alleged damage to the Akron, Ohio property. (*Id*. at 9.[1]) On March 10, 2015, defendants removed the action to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity jurisdiction. (Not. at 2.) The present motion to change venue, brought under 28 U.S.C. § 1404(a), followed shortly after the removal, on March 27, 2015.

## II.  STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). A decision to transfer under § 1404(a) lies within the discretion

---

[1] The page numbers reference the page identification number generated by the Court's electronic docketing system.

of the district court. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955); *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006) (noting that the district court has broad discretion to grant or deny a motion to transfer) (citing *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 105 (6th Cir. 1989)). When considering whether a change of venue is warranted under § 1404(a), the district court must weigh case-specific factors, public-interest factors and private concerns.[2] *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537-38 (6th Cir. 2002). "Private factors include: the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the cost for obtaining attendance of willing witnesses; the possibility of inspecting the premises, if appropriate; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Sirak v. J.P. Morgan Chase & Co.*, No. 5:08CV169, 2008 WL 4845950, at *2 (N.D. Ohio Nov. 5, 2008) (citing *Gulf Ohio Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947) (numerals omitted)). "Public factors include: administrative difficulties of courts with congested dockets; the burden of jury duty on members of a community with no connection to the litigation; the local interest of having localized controversies decided at home; and the appropriateness of having diversity cases tried in a forum which is familiar with the governing law." *Id.* (citing *Gulf Oil*, 330 U.S. at 509) (numerals omitted).

---

[2] "Case-specific factors include, but are not limited to: the nature of the suit, the place of events involved; relative ease of access to sources of proof; nature and materiality of testimony to be elicited from witnesses who must be transported; and the residence of the parties. *Sirak v. J.P. Morgan Chase & Co.*, No. 5:08CV169, 2008 WL 4845950, at *2 (N.D. Ohio Nov. 5, 2008) (citing *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039 (S.D. Ohio 2002) (numerals omitted)).

No one factor is dispositive; rather transfer is appropriate if the balance of these factors weighs "strongly" in favor of transfer. *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 572-73 (N.D. Ohio 1998). "A Court need not extensively discuss each of the [aforementioned] factors, but should instead focus its analysis on those factors that are particularly relevant to a given transfer determination." *Krawec v. Allegany Co-Op Ins. Co.,* No. 1:08-CV-2124, 2009 WL 1974413, at *4 (N.D. Ohio July 7, 2009) (citations omitted). As the parties requesting the transfer, defendants bear the ultimate burden of demonstrating that transfer is warranted. *See Roberts Metals, Inc. v. Fla. Prop. Mktg. Grp., Inc.*, 138 F.R.D. 89, 91 (N.D. Ohio 1991) (citation omitted); *see also Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.*, 676 F. Supp. 2d 623, 631 (W.D. Mich. 2009) ("transfer is not proper if the result is simply to shift the inconvenience from one party to another") (quotation marks and citations omitted).

### III. DISCUSSION

Transfer under 28 U.S.C. § 1404(a) is only appropriate, however, if the action could have properly been brought in the transferee venue. 28 U.S.C. § 1404(a). Nationwide does not dispute that this case could have been brought in the Middle District of Florida, as, for purposes of the present motion, Nationwide concedes that defendants are domiciled in Florida. (Opp'n at 87.) Inasmuch as plaintiff is an Ohio corporation, both courts can exercise diversity jurisdiction over this matter. 28 U.S.C. § 1332(a). Venue would also be proper in either district because defendants reside in Florida, 28 U.S.C. § 1391(b)(1), and, as will be seen below, a substantial part of the events giving rise to this litigation took place in Ohio. § 1391(b)(2). Having determined that jurisdiction and venue are proper in either district, the Court proceeds to weigh the interests of convenience and justice to determine whether transfer is appropriate.

4

A.  **Plaintiff's Choice of Forum**

Plaintiff invites the Court to rely heavily on the fact that it chose to bring suit in Ohio, and, ordinarily, "substantial weight" is given to the plaintiff's choice of forum. *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887-88 (N.D. Ohio 1999) (citations omitted). However, such a choice should "carry less weight in a declaratory judgment action. 'A plaintiff brings such an action because it has perceived a threat of suit. Therefore, its posture before the court is more akin to a defendant than an ordinary plaintiff seeking relief.'" *Zimmer Enter., Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 990 (S.D. Ohio 2007) (quoting *Societe Generale v. Fla. Health Sciences Ctr., Inc.*, No. 03 Civ. 5615 (MGC)); *see Cincinnati Ins. Co.*, 676 F. Supp. 2d at 631 (collecting cases).

Because of the unique role reversal that can take place in a declaratory judgment action, placing a "natural plaintiff" in a defensive posture, the Court finds that it is appropriate to afford considerably less weight to Nationwide's forum choice. *See Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987) (a district court may choose to give little or no weight to a declaratory judgment plaintiff's choice of forum in the § 1404(a) analysis); *accord Breckenridge Pharm., Inc., v. KV Pharm. Co.*, No. 08-80963-CIV, 2009 WL 1404698, at *5 (S.D. Fla. May 19, 2009) ("Where two courts have concurrent jurisdiction over substantially similar actions, less deference may be given to a plaintiff who has filed a declaratory judgment [action] in anticipation of litigation.") (quotation marks and citation omitted). The Court, therefore, finds that Nationwide's forum choice weighs only slightly against transfer.

**B. Convenience of Witnesses**

The convenience of witnesses is one of the most important factors in determining whether to grant a change of venue under 28 U.S.C. § 1404(a), and the residence of key witnesses is a critical consideration. *See Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 720-21 (W.D. Mich. 2004); *Phelps v. United States*, No. 1:07CV02738, 2008 WL 5705574, at *2 (N.D. Ohio Feb. 19, 2008) (citation omitted). The only potential witnesses either party has identified are the Nationwide claims agent who handled and investigated the underlying insurance claims and a City of Akron police officer who investigated defendants' claims of vandalism.[3] As the agents employer, Nationwide has the power and ability to compel his appearance for deposition or trial. The convenience of such a witness is not a factor weighing in favor of retaining the case in Ohio. *See Tawil v. Target Corp.*, No. 10-CV-965 (JG) (RM), 2010 WL 2719831, at *2 (E.D.N.Y. July 8, 2010) (convenience of defendant's employee, over whom defendant had control, was not a factor where he was available "in any venue by virtue of [his] employment relationship") (quoting *Merkur v. Wyndham Int'l, Inc.*, No. 00 CV 5843 (ILG), 2001 WL 477268, at *4 (E.D.N.Y. Mar. 20, 2001)); *Cincinnati Ins. Co.*, 676 F. Supp. 2d at 634-35. As for the Akron police officer, it would obviously be more convenient for him to testify in a courtroom in Akron, Ohio, where the undersigned tries her cases, than in Florida. This factor, therefore, weighs slightly against transfer.

---

[3] According to defendants, the insurance agent who sold them the homeowners' policy is deceased. (Def. Suppl. at 144.) Nationwide does not challenge this representation.

### C. Convenience of the Parties

The focus of defendants' motion to transfer venue is the medical condition of each defendant, which, by all accounts, are serious. "A moving party's medical disability can support a motion to transfer venue[.]" *Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 144, 153 (D.D.C. 2008) (citing *Kotan v. Pizza Outlet, Inc*., 400 F. Supp. 2d 44, 50 (D.D.C. 2005)); *see Houk v. Kimberly-Clark Corp*., 613 F. Supp. 923, 930 (W.D. Mo. 1985) (citing *Vassallo v. Niedermeyer*, 495 F. Supp. 757, 760 (S.D.N.Y. 1980)).

Defendants have appended to their supplemental brief, affidavits from each defendant detailing his or her medical limitations. John's affidavit provides that he is 90 years old, confined to a wheelchair, and suffers from a heart condition, and has suffered several strokes, as well as a fractured hip. (Doc. No. 15-1 ["John Aff'd"] ¶¶ 3-4.) He avers that he is "essentially bedridden" and leaves the house only for medical treatment at the local Veteran's Affairs ("VA") hospital, and that a VA medical van is needed to transport him to and from his doctor's visits. (*Id*. ¶¶ 3-5.).

Olympia's affidavit provides that she is 87 years old, "constantly ill, and suffering from debilitating medical conditions." (Doc. No. 15-2 ["Olympia Aff'd"] ¶¶ 1, 4.) She suffers from a heart condition, peripheral neuropathy, and torn ligaments in her left leg, and adds that she is in "constant pain". (*Id*. ¶ 2.). According to her affidavit, she "cannot leave [the] house [in Florida] except for medical care at a medical facility nearby." (*Id*. ¶ 1.).

John Jr. is 61 years old. (Doc. No. 15-3 ["John Jr. Aff'd"] ¶ 4.) He claims to have lived in his home in Akron, Ohio until he "fell ill" and "temporarily went to Florida for medical

7

care near [his] parents." (*Id*. ¶ 5.) He suffers from multiple serious medical conditions including: "arrhythmia, asthma, spinal and pituitary conditions, as well as multiple sclerosis." (*Id*. ¶ 2.) Like his parents, John Jr. represents that he is unable to travel, and he further represents that he rarely leaves the house, except for medical treatment, and "at times for needed groceries." (*Id*. ¶¶ 1, 6.).

Nationwide does not seriously dispute the severity of defendants' medical conditions, other than to complain that defendants failed to obtain affidavits from their medical providers. Notwithstanding this complaint, Nationwide obviously acknowledges that defendants have some medical impairments, as it has offered to take defendants' depositions in Florida. (*See* Opp'n at 89.) Additionally, if this Court were to retain this litigation, it could permit defendants to participate in all status conferences by phone.

This still leaves the matter of the trial. Defendants have a right to attend any trial, and neither side has suggested that defendants have waived that right. In fact, defendants represent that they intend to provide testimony at trial. (Def. Suppl. at 145.) While it may be true that defendants' medical conditions are so severe that defendants would be physically unable to attend a trial, even if it took place in Florida, it is clear that traveling from Florida to Ohio to attend a trial in this judicial district would be considerably more inconvenient, if not impossible, for defendants, while Nationwide, a national corporation doing business in Florida, would be considerably less inconvenienced by litigating in Florida. The Court finds that this factor weighs strongly in favor of transfer.

D. Access to Sources of Proof

Nationwide notes that the property covered by the homeowners policy, along with all of the physical evidence, is located in Ohio. However, defendants represent that the property

"has been completely inspected and photographed by Nationwide representatives, and now the property has been disposed of and there is no physical evidence remaining." (Def. Suppl. at 142.) Nationwide does not challenge this representation. Accordingly, this factor is neutral.

E.  **Relative Familiarity with Governing Law**

"When choosing the forum under a § 1404(a) motion to transfer venue, choice of law is a relevant factor but is not determinative." *Picker*, 35 F. Supp. 2d at 574 (citing *Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y 1991)). It takes on even less significance where the legal issues to be resolved are not complex. *See Vassallo*, 495 F. Supp. at 760 ("The fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer . . . especially in an instance . . . where no complex questions of foreign law are involved.") (citing *Atl. Richfield Co. v. Stearns-Roger, Inc.*, 379 F. Supp. 869, 872 (E.D. Pa. 1974)). Here, while Ohio law applies, it does not appear that the case will require the resolution of any complex legal issues involving contract or insurance law. The Court finds, therefore, that this issue only slightly weighs against transfer.

F.  **Local Interest**

There is "'value [in] holding trial in a community where the public affected live[.]'" *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 856 (S.D. Ohio 2007) (quoting *Jamhour v. Scottsdale Ins. Co*., 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002) (further citation omitted)). As previously noted, the property that is the subject of the underlying insurance claim is located in Ohio, and the insurance policy covering this property was issued in Ohio. The only connection Florida has to the present litigation is the fact that defendants happen to reside there. Consequently, this factor squarely weighs against transfer.

### G. Speed at which the Case will Proceed to Trial

The parties have not provided any information on the relative case loads of this Court and the Middle District of Florida, and the Court has no reason to believe that this Court's docket is any more or less congested than that of the Middle District of Florida. This factor, therefore, is neutral.

Weighing all of the relevant factors, the Court finds that defendants have met their burden of demonstrating that the Middle District of Florida would be a more convenient forum in which to try this matter. Several of the factors are neutral, and even those factors that tend to favor denying the motion in almost every instance only tip the scale tip slightly against transfer. In contrast, the one factor favoring transfer—the convenience of the parties—so clearly and strongly weighs in favor of transfer that the Court is obliged to grant the motion and transfer this matter.

## IV. CONCLUSION

Accordingly, defendants' motion to transfer the case is GRANTED. This matter is hereby TRANSFERRED to the Middle District of Florida.

**IT IS SO ORDERED**.


Dated: September 21, 2015

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**